UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DODIYI J. WILLIAMWEST                                          CIVIL ACTION

VERSUS                                                         NO. 21-800

SHERRY RICHARDSON, ET AL.                                      SECTION "R" (5)


**ORDER AND REASONS**

Before the Court are plaintiff's applications for default judgments against defendants Allstate Insurance Company ("Allstate"),[1] James M. Lawler,[2] Mitch Landrieu,[3] the City of New Orleans,[4] Sarah Deland,[5] and Sargent Blanchard.[6] Also before the Court are defendants Sarah Deland,[7] Sargent Blanchard, Mitch Landrieu, the City of New Orleans,[8] Allstate, and James M. Lawler's[9] motions to set aside the entry of default entered against them on September 10, 2021.[10] Because defendants were not validly served

---

1       R. Doc. 68.
2       R. Doc. 69.
3       R. Doc. 71.
4       R. Doc. 72.
5       R. Doc. 74.
6       R. Doc. 75.
7       R. Doc. 62.
8       R. Doc. 61.
9       R. Doc. 79.
10      R. Doc. 59.

with process, the Court grants defendants' motions to set aside the entry of default, and denies as moot plaintiff's motions for default judgments.[11]

## I.   BACKGROUND

On April 20, 2021, plaintiff Dodiyi J. Williamwest, proceeding *pro se*, filed a complaint listing the following causes of action:

> Conspiracy, Fraud, Dereliction of duty, Malicious prosecution, False imprisonment, loss of properties, Breach of Contract, Slander, Libel, Denial of Due Process of the Law, bodily injuries, and the denial of equal protection under the law, clouding of his title, denial of driving privileges, loss of degree.[12]

Plaintiff broadly alleges these causes of action against 25 defendants: the City of New Orleans, Quickies Discount, Martin Wiltz, POI Sean LeBeouf, HANO, Sgt. Blanchard, Sheriff Marlin Gusman, Jacques Miller, Fredrick Lawler, Sherry Richardson, Robert Jackson, LSUNO, Stars Oil, C.T. Corp., Sarah Deland, LA Land Trust, Bobby Jindal, NOLA Green Roots, Road Home,

---

[11]   Because the Court has set aside defendants' entries of default, plaintiff's motions for default judgments against those defendants are moot. *See Ex rel. Garibaldi v. Orleans Parish Sch. Bd.*, No. 96-464, 1997 WL 375666, at *1 (E.D. La. July 2, 1997) ("Entry of default from the clerk of court under Rule 55(a) is a prerequisite to obtaining an entry of judgment under Rule 55(b)." (citing 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2682 at 13 (3d ed. 1998))).

[12]   R. Doc. 1 ¶ 18.a.

2

Mitch Landrieu, Crescent & Moon, Barack Obama, Bicks & Associates, LA Department of Motor Vehicle, and Barry Grundman.[13]

On August 26, 2021, plaintiff moved for an entry of default judgment against the City of New Orleans,[14] Sarah Deland,[15] Mitch Landrieu,[16] Sgt. Blanchard,[17] Allstate,[18] and James M. Lawler.[19]  Plaintiff alleged that the defendants had failed to file responsive pleadings.  On September 13, 2021, the Clerk of Court granted plaintiff's motions.[20]  Later that day, defendants Blanchard, Landrieu, and the City of New Orleans moved to set aside the default.[21]  Deland moved to set aside the default four days later, on September 17, 2021.[22]  Allstate and Lawler moved to set aside the default on October 14, 2021.[23]  Defendants each argue that plaintiff cannot meet his burden of showing that he validly served them in accordance with Federal Rule of Civil Procedure 4.

---

[13]     *Id.* ¶ 1.
[14]     R. Doc. 58.
[15]     R. Doc. 51.
[16]     R. Doc. 49.
[17]     R. Doc. 52.
[18]     R. Doc. 43.
[19]     R. Doc. 46.
[20]     R. Doc. 59.
[21]     R. Doc. 61.
[22]     R. Doc. 62.
[23]     R. Doc. 79.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 55, "[t]he court may set aside an entry for default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55. "[C]ourts apply essentially the same standard to motions to set aside a default and a judgment by default, [but] the former is more readily granted than a motion to set aside a default judgment." *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992). In determining whether there is "good cause" to set aside an entry of default, the Court considers (1) whether default was willful, (2) whether setting it aside would prejudice the adversary, and (3) whether a meritorious defense is presented. *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985). However, consideration and disposition of all three factors is not required, and "Courts have been careful to avoid treating them as though they were exclusive." *Dierschke*, 975 F.2d at 184; *see also id.* ("Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside the default.").

However, "[a]bsent proper service of process," the Court "lacks jurisdiction over a defendant[,] and an entry of default granted under such conditions is void." *Conwill v. Greenberg Traurig, L.L.P.*, No. 09-4365,

4

2010 WL 2773239, at *3 (E.D. La. July 13, 2010) (quoting *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999)); *see also Maryland State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant."). Under Rule 4, a plaintiff is responsible for timely serving the defendant with a complaint and summons. Fed. R. Civ. P. 4(c)(1). When service of process is challenged, the party on whose behalf service was made bears the burden of establishing its validity. *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990).

### III.     DISCUSSION

#### A.   Allstate Insurance Company

Allstate moves to set aside the entry of default on the grounds that Williamwest has not served it with process in accordance with Rule 4(h).[24] Under Rule 4(h)(1), a federal litigant has two options for serving a corporation within a judicial district of the United States. First, a competent person may serve a corporation according to the law of the state in which the district court is located. Fed. R. Civ. P. 4(h)(1)(A). Under Louisiana law, a

---

24    R. Doc. 79-1 at 1.

corporation ordinarily must be served by personal process on its registered agent. La. Code Civ. Proc. Ann. art. 1261. In limited circumstances,[25] Louisiana law permits personal service on a corporate officer, director, or employee of suitable age and discretion at "a place where the business of the corporation is regularly conducted." *Id.* Here, plaintiff sent the complaint and summons via certified mail, addressed to "Allstate Insurance Company, P.O. Box 600642 Dallas, TX 75266."[26] Because Louisiana law requires personal service on a corporation's agent, service by mail is insufficient. Therefore, the Court finds that plaintiff has not met Rule 4(h)(1)(A)'s requirements for service on Allstate.

Alternatively, under Rule 4(h)(1)(B), Allstate may be served by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. As an initial matter, Allstate represents that this address is not associated with "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of

---

[25] Service is available under these methods "[i]f the corporation has failed to designate an agent for service of process, if there is no registered agent by reason of death, resignation, or removal, or if the person attempting to make service certifies that he is unable, after due diligence, to served the designated agent." La. Code Civ. Proc. Ann. art. 1261(B).
[26] R. Doc. 28 (Allstate's return of service).

6

process." [27]  Moreover, even if plaintiff had mailed the summons and complaint to an authorized agent, service by mail does not meet the delivery requirement of Rule 4(h)(1)(B).  *See, e.g.*, *Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000) (holding that service was ineffective because "the summons and complaint were mailed and not personally served," and because "they were not even mailed to an officer, manager, or authorized agent . . . but addressed to 'Medical/Legal Department, Mayo Clinic'"); *Technologists, Inc. v. MIR'S Ltd.*, 725 F. Supp. 2d 120, 127 (D.D.C. 2010) (holding that service by mail was insufficient under Rule 4(h)(1)(B)); *Factor King, LLC v. Block Builders, LLC*, 2016 WL 723016, at *2 (M.D. La. Feb. 22, 2016) ("Federal Express shipment does not comply with the personal service requirements under Louisiana Law or Rule 4(h)(1), which do not permit service by mail.").

    The Court thus concludes that plaintiff has not complied with Rule 4(h)(1)(B)'s requirements for effective service.  Accordingly, because Allstate has not been properly served in accordance with Rule 4(h), the Court finds that the entry of default against Allstate must be set aside.  *See Smith v. Womans Hospital*, 671 F. App'x 884, 887 (5th Cir. 2016) (per curiam) (affirming the district court's order setting aside the default because "service

---

[27]    R. Doc. 79-1 at 2.

did not comply with the service requirements of Fed. R. Civ. P. 4(h) or any other proper method of service").

### B. The City of New Orleans

Plaintiff mailed his complaint and summons to the City of New Orleans at 1340 Poydras St., Suite 1100 New Orleans, LA 70112.[28] The City represents that this address is "not the proper address to accept service on behalf of the City," because under the Home Rule Charter for the City of New Orleans, service must be made on the Mayor, the acting Mayor, or the City Attorney.[29] The City contends that plaintiff should have served the City at City Hall, 1300 Perdido Street, Suite 5E03, New Orleans, LA 70112.[30]

Moreover, plaintiff not only used the incorrect address, but he also used an ineffective method of service. Rule 4(j)(2) requires service upon a local government to be effectuated by "delivering a copy of the summons and of the complaint to its chief executive officer," or "serving a copy of each in the manner prescribed by that state's law." Fed. R. Civ. P. 4(j)(2). Under Louisiana law, a public entity may be served "at its office by personal service

---

[28] R. Doc. 29 (City of New Orleans's return of service).
[29] R. Doc. 61-1 at 2-3 (citing Home Rule Charter of the City of New Orleans § 4-405).
[30] *Id.*

upon the chief executive officer, thereof, or in his absence, upon any employee thereof of suitable age and discretion." La. Code Civ. Proc. Ann. art. 1265.

Here, plaintiff served the City of New Orleans by certified mail, which is ineffective under both methods authorized by Rule 4. *See Seal v. State of La.*, No. 05-629, 2005 WL 3543836, at *2 (E.D. La. Oct. 18, 2005) (noting that service by certified mail against the state of Louisiana and several state departments "is generally not a proper method of service under Rule 4 or Louisiana law"). Plaintiff's service of process did not comply with the provisions of Rule 4(j)(2), and therefore service on the City of New Orleans was insufficient. Accordingly, the Court sets aside the default entry against the City of New Orleans.

### C. The Individual Defendants

Defendants Blanchard, Landrieu, Deland, and Lawler (the "individual defendants") argue that plaintiff's service via certified mail was improper, and thus the Court lacks personal jurisdiction over them in this matter.[31] Federal Rule of Civil Procedure 4(e) provides the procedural requirements to effectuate service of individual defendants. Rule 4(e) provides that a

---

31  R. Doc. 61-1 at 2-3; R. Doc. 62-1 at 2-3; R. Doc. 79-1 at 3.

federal litigant may serve an individual defendant by following the procedural methods of service provided by the state in which the district court is located or where service is made, Fed. R. Civ. P. 4(e)(1), or by doing any of the following: (1) "delivering a copy of the summons and of the complaint to the individual personally," (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4(e)(2).

Louisiana law[32] requires domiciliary or personal service, except in certain circumstances when delivery or mail is appropriate because the document being served does not require an appearance or an answer. La. Code Civ. Proc. Ann. arts. 1231, 1232, 1234, 1313. Louisiana law does not authorize service by mail of a complaint because the defendant is required to file an answer. La. Code Civ. Proc. Ann. art. 1313. Additionally, Louisiana law does not authorize service of an individual at the individual's place of work. *See Doe v. St. James Parish Sch. Board*, No. 15-5370, 2016 WL 1558794, at *4 (E.D. La. Apr. 18, 2016). Notably, "[n]either the Federal Rules

---

[32]   Plaintiff attempted to serve all the individual defendants in Louisiana. *See* R. Docs. 28, 29, 34, 36, 38, 39.

of Civil Procedure, nor Louisiana law, provide for service of process on individuals within the State of Louisiana by certified mail." *Jones v. Becnel*, No. 15-713, 2015 WL 4677543, at *4 (E.D. La. Aug. 6, 2015).

Plaintiff attempted to effectuate service on Blanchard by sending the complaint and summons via certified mail to "NOPD 5th District, 3900 N. Claiborne NOLA 70117."[33] Plaintiff's attempted service was ineffective under Rule 4(e)(1) because Louisiana law not does authorize service of an individual through the mail when an answer is required, La. Code Civ. Proc. Ann. arts. 1231, 1232, 1234, 1313, nor at an individual's workplace, *see Jason v. Nugent*, No. 4-1722, 2005 WL 53301, at *2 (E.D. La. Jan. 7, 2005). Similarly, service was also insufficient under Rule 4(e)(2) because plaintiff did not serve Blanchard by personal or domiciliary service.

Plaintiff similarly attempted service on Deland via certified mail addressed to "2601 Tulane Ave. 9th floor NOLA 70119."[34] Plaintiff did not properly serve Deland because neither the Federal Rules nor Louisiana law recognize service on an individual by certified mail. *See Jones*, 2015 WL 4677543, at *4.

---

[33] R. Doc. 39 at 2 (Blanchard's return of service).
[34] R. Doc. 38 at 2 (Deland's return of service).

11

Defendant Allstate provides multiple reasons why plaintiff failed to effectuate service of Lawler, whom plaintiff alleges was Allstate's counsel in a previous matter.[35] Plaintiff attempted to serve a James M. Lawler by mail, but his complaint names a "Mr. *Frederick* Lawler."[36] Allstate represents that James M. Lawler is a fictitious person.[37] Allstate also argues that plaintiff's attempt to serve Lawler by mail addressed to "4640 Rye St., Ste. 100 Metairie, LA 70006"[38] was both ineffective under Rule 4, and was further improper because that address "has no relationship to James M. Lawler,"[39] the person addressed on the summons. The Court finds that neither Frederick Lawler nor James M. Lawler—if he exists—has been properly served with process because neither received personal or domiciliary service, as required by Rule 4(e)(1)-(e)(2).

As to Landrieu, plaintiff has not stated whether he is sued in his individual capacity or his official capacity as former mayor of New Orleans.[40] To the extent that plaintiff is asserting claims against Landrieu in his

---

[35] R. Doc. 1 ¶ 7 (stating that plaintiff "prevailed in 1986 . . . in this court . . . to which Mr. Frederick Lawler was made suttee [sic] for Allstate Insurance Company).
[36] *Id.* (emphasis added).
[37] R. Doc. 79-1 at 2-3.
[38] R. Doc. 34 (Lawler's return of service).
[39] R. Doc. 79-1 at 3.
[40] R. Doc. 61-1 at 2.

individual capacity, "[t]he fact that [Landrieu] may be sued in his . . . *official* capacity does not obviate the necessity for appropriate service of process for suit in a [his] *individual* capacity." *See Doe*, 2016 WL 1558794 at *3 (quoting *Judeh v. Louisiana State Univ. Sys.*, No. 12-1758, 2013 WL 654921, at *3 (E.D. La. Feb. 20, 2013)). The return of service states that plaintiff addressed the summons and complaint to "Mayor Mitch Landrieu 1340 Poydras St. Ste. 1100 New Orleans, LA 70112."[41] As with the other individual defendants, plaintiff has not properly served Landrieu in his personal capacity under the Federal Rules of Civil Procedure. *See supra* at 11-12.

To the extent that plaintiff is asserting claims against Landrieu in his official capacity, the Court similarly finds that plaintiff has not properly effectuated service of process pursuant to Rule 4(j)(2). *See* Fed. R. Civ. P. 4(j)(2) (requiring service upon a local government to be effectuated by delivering a copy of the summons to the chief executive officer or serving process in accordance with state law). Under Article 1265 of the Louisiana Code of Civil Procedure, "[a] public officer, sued as such, may be served at his office either personally, or in his absence, by serve upon any of his employees of suitable age and discretion." La. Code Civ. Proc. Ann. art. 1265; *see also Gilmore v. Wolfe*, No. 15-280, 2016 WL 438978, at *2 (M.D. La. Feb.

---

[41] R. Doc. 36 (Landrieu's return of service).

3, 2016) (stating that Article 1265 governs service on individuals sued in their official capacities). Here, plaintiff failed to comply with the requirements of either method of service under Rule 4(j)(2) because he did not personally serve the defendant, or the City's "chief executive officer." Thus, plaintiff has failed to demonstrate that his service of Landrieu was proper, whether he is sued in his official or personal capacity.

In sum, plaintiff, has failed to demonstrate effective service on any of the individual defendants.

## IV. CONCLUSION

For the foregoing reasons, defendants' motions [42] to set aside the entries of default are GRANTED. Because defendants are no longer in default, the Court DENIES plaintiff's motions [43] for default judgments.

New Orleans, Louisiana, this __19th__ day of October, 2021.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[42] R. Docs. 61, 62, 79.
[43] R. Docs. 68, 69, 71, 72, 74, 75.