UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DODIYI J. WILLIAMWEST                          CIVIL ACTION

VERSUS                                          NO. 21-800

SHERRY RICHARDSON, ET AL.                      SECTION "R" (5)

## ORDER AND REASONS

Before the Court is plaintiff Dodiyi J. Williamwest's motion for a new trial.[1] Defendants Sargent Blanchard, Mitch Landrieu, and the City of New Orleans oppose the motion.[2] For the following reasons, the Court denies plaintiff's motion.

## I. BACKGROUND

On April 20, 2021, plaintiff Dodiyi J. Williamwest, proceeding *pro se*, filed a complaint listing the following causes of action:

> Conspiracy, Fraud, Dereliction of duty, Malicious prosecution, False imprisonment, loss of properties, Breach of Contract, Slander, Libel, Denial of Due Process of the Law, bodily injuries, and the denial of equal protection under the law, clouding of his title, denial of driving privileges, loss of degree.[3]

---

[1] R. Doc. 84.
[2] R. Doc. 86.
[3] R. Doc. 1 ¶ 18.a.

Plaintiff broadly alleges these causes of action against 25 defendants: the City of New Orleans, Quickies Discount, Martin Wiltz, POI Sean LeBeouf, HANO, Sgt. Blanchard, Sheriff Marlin Gusman, Jacques Miller, Fredrick Lawler, Sherry Richardson, Robert Jackson, LSUNO, Stars Oil, C.T. Corp., Sarah Deland, LA Land Trust, Bobby Jindal, NOLA Green Roots, Road Home, Mitch Landrieu, Crescent & Moon, Barack Obama, Bicks & Associates, LA Department of Motor Vehicle, and Barry Grundman.[4]

This Court has previously entered three Orders and Reasons in this case. First, on October 19, 2021, the Court set aside the entry of default against defendants Allstate Insurance Company, James M. Lawler, Mitch Landrieu, the City of New Orleans, Sarah Deland, and Sargent Blanchard because they were not validly served with process.[5] The Court also denied as moot plaintiff's motions for default judgments against these defendants.[6] On October 25, 2021, the Court granted defendants Marlin N. Gusman, Housing Authority of New Orleans, and Quickies Discount's motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the grounds that plaintiff's claims against them were prescribed.[7] The Court also denied

---

4    *Id.* ¶ 1.
5    R. Doc. 80.
6    *Id.*
7    R. Doc. 81.

plaintiff's motion for a default judgment against Quickies Discount. Finally, on November 5, 2021, the Court denied plaintiff's applications for default judgments against defendants Barry Grundman, Jacques Miller, Martin Wiltz, and Sherry Richardson, for lack of personal jurisdiction, and dismissed plaintiff's claims against Star Oil as time-barred.[8]

On December 14, 2021, plaintiff moved for "a new trial" on all three of the Court's Orders and Reasons, asserting that they are "contrary to the Law and evidence."[9] He requests that all dismissed defendants be "reinstat[ed]" and that the Court maintain its entry of default against Allstate Insurance Company.[10] Defendants Sargent Blanchard, Mitch Landrieu, and the City of New Orleans oppose the motion on grounds that, under Rule 59(b), a motion for a new trial must be filed no later than twenty-eight days after the final judgment.[11] The Court considers the parties' arguments below.

## II. LEGAL STANDARD

As an initial matter, the Court must determine which Federal Rule of Civil Procedure governs the timing of plaintiff's "motion for a new trial." The

---

8    R. Doc. 82.
9    R. Doc. 84.
10   *Id.* at 2.
11   R. Doc. 86.

Fifth Circuit has consistently recognized that parties may challenge an order under Rules 54(b), 59(e), or 60(b). *Reyes v. Julia Place Condo. Homeowners Ass'n, Inc.*, No. 12-2043, 2016 WL 4272943, at *2 (E.D. La. Aug. 15, 2016) (collecting cases). "Rules 59 and 60, however, apply only to final judgments." *Id.* (citing *S. Snow Mfg. Co., Inc. v. Snowizard Holdings, Inc.*, 921 F. Supp. 2d 548, 563-64 (E.D. La. 2013)). If a party seeks reconsideration of an order that adjudicates fewer than all the claims among all the parties, then Rule 54(b) controls.

Here, plaintiff seeks reconsideration of interlocutory orders that dismissed some, but not all of the defendants from this case, and the denial of plaintiff's motion for default judgments. Accordingly, Rule 54(b) is the appropriate standard under which to evaluate plaintiff's motion for a new trial. *See Adams v. Columbia/HCA of New Orleans, Inc.*, No. 20-3030, 2021 WL 809372, at *1 (E.D. La. Mar. 3, 2021) (evaluating under Rule 54(b) plaintiff's motion to reconsider the court's order granting a Rule 12(b)(6) motion to dismiss that dismissed some but not all of plaintiff's claims); *Ocwen Loan Servicing, LLC v. Heiberg*, No. 17-690, 2020 WL 957640, at *2 (E.D. Tex. Feb. 4, 2020) (construing plaintiff's motion for reconsideration of the Court's denial of an entry of default as a motion for reconsideration under Rule 54(b)).

Rule 54(b) provides that an order that adjudicates fewer than all the claims among all the parties "may be revised at any time" before the entry of a final judgment. Fed. R. Civ. P. 54(b). As Rule 54 recognizes, a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco*, 659 F.2d 551, 553 (5th Cir. 1981). Under Rule 54(b), the court "is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). Although reconsideration under Rule 54(b) is within the trial court's broad discretion, reconsideration "is not provided indiscriminately whenever some party may wish it," as judges "must protect themselves and the other parties against the delays and burdens that could be imposed by yielding to simple disappointment or a deliberate desire to inflict delay and burden." *See* 18b Charles A. Wright, et al., Fed. Prac. & Proc. § 4478.1 (2d ed. 2002); *Calpetco 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993).

Reconsideration of an interlocutory order under Rule 54(b) is less stringent than reconsideration of judgments under Rule 59(e). *Austin*, 864 F.3d at 336. "Although a less exacting standard applies, courts look to

similar considerations as those it considers when evaluating Rule 59(e) motions." *Edwards v. Take Fo' Records, Inc.*, No. 19-12130, 2020 WL 3832606, at *11 & n.12 (E.D. La. July 8, 2020); *see also Pierce v. Kellogg Brown & Root, Inc.*, No. 15-6585, 2017 WL 2082947, at *1 (E.D. La. May 15, 2017). Amending a judgment under Rule 59(e) is considered an "extraordinary remedy," and is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order]." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).

### III. DISCUSSION

Plaintiff asserts two grounds in support of his motion for reconsideration. First, plaintiff argues that the Court incorrectly dismissed his claim against defendant Marlin Gusman as time-barred. Because plaintiff's complaint did not state the date on which he alleges Sheriff Gusman's deputies "beat him up" and failed to return his personal belongings "upon his release," the Court construed, based on the language of his complaint, that the purported incident occurred in December 2014.[12]

---

[12] R. Doc. 81 at 6-7.

The Court thus found that, because plaintiff did not file this action within a year of the incident, his section 1983 claim against Gusman was prescribed.[13]

In his motion for a new trial, plaintiff states that this was an erroneous finding. [14] Plaintiff's motion does not state when the alleged incident occurred, and instead quotes dates from his initial complaint which are unconnected to his claim against Gusman. Specifically, plaintiff cites to language in his complaint stating that, after spending twelve days in prison, "he was sent to [a] forensic facility in Jackson, LA, where he was held for four[] years, and released to Grace Outreach where they continued to hold him," and that on "September 26, 2019, he was discharged from criminal prosecution," and "on November 12, 2020, without stating any cause, he was Judicially committed."[15] Plaintiff also contends that the Court "overlooked" that he originally filed suit in 2014, but that his case was ultimately dismissed for failure to prosecute.[16]

Plaintiff's recitation of various dates scattered throughout his complaint fails to inform the Court of which of these dates, if any, is the date of the alleged assault by Gusman's deputies. Simply asserting that the Court

---

[13] *Id.*
[14] R. Doc. 84 at 1.
[15] *Id.* (quoting R. Doc. 1 ¶¶ 5.b, 17.b).
[16] *Id.* at 2.

7

incorrectly interpreted plaintiff's complaint, without providing the purportedly "correct" information, is insufficient reason for the Court to reconsider its decision. Further, the only date that plaintiff cites in his motion for a new trial that would *not* be prescribed by the statute of limitations is the alleged November 12, 2020 judicial commitment to Grace Outreach. But because plaintiff represents that he is being continually held at Grace Outreach, there is nothing to suggest that his claims against Gusman, which allegedly occurred "upon his *release*," [17] correspond to the alleged 2020 event.

Moreover, and more obviously, plaintiff does not avoid the one-year statute of limitations requirement for his claim against Gusman by asserting that he filed a separate complaint in 2014. Notably, nothing in his 2014 complaint states that he was suing Gusman because his deputies assaulted him and refused to return his personal property.[18] Accordingly, plaintiff has failed to point to a date on which the alleged incident with Gusman's deputies occurred that falls within the one-year statute-of-limitations period.

Second, plaintiff asserts that Allstate provided him with an P.O. box for an "out of state address," and therefore plaintiff cannot "be faulted" for

---

[17] R. Doc. 1 ¶ 9 (emphasis added).
[18] *Williamwest v. Obama*, No. 14-2330 (E.D. La. Sept. 24, 2014).

8

mailing the complaint to that address.[19] Whether Allstate provided plaintiff with its correct address is irrelevant to the Court's ruling that Allstate was not properly served. The Court held that, "even if plaintiff had mailed the summons and complaint to an authorized agent, service by mail does not meet the delivery requirement of Rule 4(h)(1)(B)."[20] Because plaintiff has not pointed to any mistake in law or fact on which the Court's holding as to Allstate was based, the Court finds no reason to reconsider its Order.

In sum, for the reasons stated in the Court's three Orders and Reasons, and for the reasons stated here, the Court denies plaintiff's motion to reconsider.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to reconsider.

New Orleans, Louisiana, this ___3rd___ day of February, 2022.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[19]  R. Doc. 84.
[20]  R. Doc. 80 at 6.

9