UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DODIYI J. WILLIAMWEST                                             CIVIL ACTION

VERSUS                                                                      NO. 21-800

SHERRY RICHARDSON, ET AL.                                  SECTION "R" (5)

## ORDER AND REASONS

Before the Court is defendant Housing Authority of New Orleans's ("HANO") motion to quash.[1] Plaintiff Dodiyi J. Williamwest does not oppose the motion. For the following reasons, the Court grants HANO's motion.

## I.   BACKGROUND

On April 20, 2021, plaintiff Dodiyi J. Williamwest, proceeding *pro se*, filed a complaint listing the following causes of action:

> Conspiracy, Fraud, Dereliction of duty, Malicious prosecution, False imprisonment, loss of properties, Breach of Contract, Slander, Libel, Denial of Due Process of the Law, bodily injuries, and the denial of equal protection under the law, clouding of his title, denial of driving privileges, loss of degree.[2]

---

[1]   R. Doc. 96.
[2]   R. Doc. 1 ¶ 18.a.

Plaintiff broadly alleges these causes of action against 25 defendants: the City of New Orleans, Quickies Discount, Martin Wiltz, POI Sean LeBeouf, HANO, Sgt. Blanchard, Sheriff Marlin Gusman, Jacques Miller, Fredrick Lawler, Sherry Richardson, Robert Jackson, LSUNO, Stars Oil, C.T. Corp., Sarah Deland, LA Land Trust, Bobby Jindal, NOLA Green Roots, Road Home, Mitch Landrieu, Crescent & Moon, Barack Obama, Bicks & Associates, LA Department of Motor Vehicle, and Barry Grundman.[3] As it specifically relates to HANO, plaintiff alleges that HANO "harassed [and] intimidated him and demolished his 1609 Port (Annex) Quad buildings worth a million [dollars]."[4]

On October 25, 2021, the Court granted motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), filed by defendants Marlin N. Gusman, Quickies Discount's, and HANO, on the grounds that plaintiff's claims against them were prescribed.[5] On February 3, 2022, the Court denied Williamwest's motion to reconsider the dismissal.[6]

After the Court's denial of his motion to reconsider, plaintiff moved to file a supplemental and amended complaint.[7] On March 14, 2022, the

---

[3]   *Id.* ¶ 1.
[4]   *Id.* ¶ 6.
[5]   R. Doc. 81.
[6]   R. Doc. 87.
[7]   R. Doc. 88.

2

Magistrate Judge granted plaintiff leave to file the supplemental complaint.[8] HANO was later served with a summons containing a copy of the original and supplemental complaints.[9]

On April 4, 2022, HANO moved to quash the summons filed by plaintiff on the grounds that HANO was previously dismissed from this case and thus plaintiff's claims against it are barred by *res judicata*.[10] Plaintiff has not filed an opposition to HANO's motion. The Court considers the motion below.

## II. DISCUSSION

HANO argues that plaintiff's supplemental complaint is barred by *res judicata* because he brings the same allegations that were included in his prior complaint against HANO.[11] "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as '*res judicata*.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Claim preclusion bars relitigation of claims "that have been litigated or should have been raised in an earlier suit." *In re Ark-La-Tex Timber Co.*,

---

[8] R. Doc. 90.
[9] R. Doc. 92 at 1; R. Doc. 92 at 3.
[10] R. Doc. 96.
[11] R. Doc. 96-1 at 3.

3

482 F.3d 319, 330 (5th Cir. 2007). The test for claim preclusion has four elements: (1) "the parties to both actions are identical (or at least in privity);" (2) "the judgment in the first action is rendered by a court of competent jurisdiction;" (3) "the first action concluded with a final judgment on the merits;" and (4) "the same claim or cause of action is involved in both." *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000) (citing *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994)).

All four requirements are met here. First, plaintiff's initial complaint and supplemental complaint contain the same parties.[12] Specifically, the party against whom plaintiff's claims were dismissed is the same party on whom plaintiff now seeks to serve his supplemental and original complaint. Second, this Court had jurisdiction to render judgment in its prior dismissal of plaintiff's claims against HANO. Third, the dismissal of plaintiff's claims against HANO on the grounds that they were barred by prescription is a decision on the merits. *See Ellis*, 211 F.3d at 937 (holding that a court's dismissal of an action on the grounds that the claim was time-barred under the statute of limitations was a "decision on the merits for res judicata purposes"); *Nilsen v. City of Moss Point*, 701 F.2d 556, 562 (5th Cir. 1983) ("Dismissals for want or jurisdiction are not decisions on the merits, while

---

[12]   *Compare* R. Doc. 1, *with* R. Doc. 91.

those based on limitations are."). Finally, because plaintiff does not assert any new claims in his supplemental complaint against HANO, he is asserting the same causes of action against defendant that were previously dismissed. Thus, because plaintiff's supplemental complaint raises claims against HANO that have been fully adjudicated on the merits, the Court grants the motion to quash the summons issued to HANO.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to quash.[13]

New Orleans, Louisiana, this __18th__ day of May, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[13] R. Doc. 96.