UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DODIYI J. WILLIAMWEST | CIVIL ACTION |
| VERSUS | NO. 21-800 |
| SHERRY RICHARDSON, ET AL. | SECTION "R" (5) |

## ORDER AND REASONS

Before the Court is defendant Allstate Insurance Company's ("Allstate") motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Also before the Court is plaintiff's motion for sanctions against Allstate and Marlin Gusman.[2] For the following reasons, the Court grants defendant's motion to dismiss and denies plaintiff's motion for sanctions.

## I. BACKGROUND

On April 20, 2021, plaintiff Dodiyi J. Williamwest, proceeding *pro se*, filed a complaint listing the following causes of action:

> Conspiracy, Fraud, Dereliction of duty, Malicious prosecution, False imprisonment, loss of properties, Breach of Contract, Slander, Libel, Denial of Due Process of the Law, bodily injuries, and the denial of equal

---

[1]  R. Doc. 104.
[2]  R. Doc. 120.

> protection under the law, clouding of his title, denial of driving privileges, loss of degree.[3]

Plaintiff broadly alleges these causes of action against 25 defendants: the City of New Orleans, Quickies Discount, Martin Wiltz, POI Sean LeBeouf, Housing Authority of New Orleans, Sgt. Blanchard, Sheriff Marlin Gusman, Jacques Miller, Fredrick Lawler, Sherry Richardson, Robert Jackson, Louisiana State University in New Orleans, Stars Oil, C.T. Corp., Sarah Deland, LA Land Trust, Bobby Jindal, NOLA Green Roots, Road Home, Mitch Landrieu, Crescent & Moon, Barack Obama, Bicks & Associates, LA Department of Motor Vehicle, and Barry Grundman.[4] On March 14, 2022, plaintiff filed a supplemental and amending petition that added a claim for medical malpractice.[5]

Allstate moves to dismiss plaintiff's claims against it on the grounds that plaintiff's claim is "unintelligible" and is barred by prescription.[6] Plaintiff has not filed an opposition to defendant's motion.

---

[3] R. Doc. 1 ¶ 18.a.
[4] *Id.* ¶ 1.
[5] R. Doc. 91.
[6] R. Doc. 104-1 at 3-4.

## II.     LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.  *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009).  But the Court is not bound to accept as true legal conclusions couched as factual allegations.  *Iqbal*, 556 U.S. at 678.

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).  The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims.  *Id.*  In addition to facts alleged in the pleadings, the Court "may also consider matters of which [it] may take judicial notice." *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir.

3

2008) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)).

The Court will apply a "less stringent standards" to *pro se* litigants than to parties represented by counsel. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam). This does not mean, however, that the Court "will invent, out of whole cloth, novel arguments on behalf of a *pro se* plaintiff in the absence of meaningful, albeit imperfect, briefing." *Jones v. Alfred*, 353 F. App'x 949, 951-52 (5th Cir. 2009). Accordingly, even a *pro se* complaint "must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

## III. DISCUSSION

Allstate seeks the dismissal of plaintiff's claim against it on the grounds that plaintiff has failed to state a claim, and that his allegations against Allstate are prescribed.[7] Where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling or the like, the Court may dismiss a claim under Rule 12(b)(6). *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). "Ordinarily, the party pleading prescription bears the burden of proving that the plaintiff's claims have

---

7    *Id.*

prescribed." *Terrebonne Par. Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 878 (5th Cir. 2002). But, once prescription is evident from the pleadings, the burden shifts to the plaintiff to demonstrate that prescription was either suspended or interrupted. *Id.*; *see also In re Med. Rev. Panel for Claim of Moses*, 788 So. 2d 1173, 1177 (La. 2001).

Plaintiff's complaint and supplemental complaint make the following allegation against Allstate:

> In lawsuits: in this court: Dodiyi William West v. Barry Grundman #85 cv 5946, he prevailed in 1986 findings and judgment in 1998 in West v. Melacon CDC 84-38 and 1998 (12% annual interest); to which Mr. Frederick Lawler was made suttee for Allstate Insurance Company, and no payment has been made to date, therefore, [plaintiff] moves this honorable court to revive the said findings and judgment ($2,390,424.33).[8]

The Court construes plaintiff's claim against Allstate as one for the revival of a money judgment. Plaintiff appears to request the revival of two money judgments, one in federal court dated 1986, and one in state court dated 1998.[9]

Plaintiff's request to revive both the state and federal judgment are governed by the same rules of prescription. Rule 69(a)(1) of the Federal Rules of Civil Procedure "requires parties to follow state law procedure in the

---

8     R. Doc. 1 ¶ 7; *see also* R. Doc. 91 at 1-2.
9     *Id.*

5

execution of money judgments and in proceedings supplementary to and in aid of judgment or execution (which includes the revival of judgments)." *F.D.I.C. v. SLE, Inc.*, 722 F.3d 264, 271 (5th Cir. 2013); *see also* Fed. R. Civ. P. 69(a)(1) ("A judgment is enforced by a writ of execution, unless the court directs otherwise . . . [and] [t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."). Accordingly, because there is no applicable federal statute, Louisiana law governs the period of time for which a federal and state judgment are enforceable. *See Andrews v. Roadway Express, Inc.*, 473 F.3d 565, 568 (5th Cir. 2006) ("Time limits for writs of execution are procedural in nature and are governed by state law"); *Home Port Rentals, Inc. v. Int'l Yachting Grp., Inc.*, 252 F.3d 399, 406-09 (5th Cir. 2001) (applying Louisiana's ten-year limitations period for enforcement of a judgment in a federal securities fraud case).

Louisiana Civil Code article 3501 provides that "[a] money judgment rendered by a trial court of this state is prescribed by the lapse of ten years from its signing if no appeal has been taken, or if an appeal has been taken, it is prescribed by the lapse of ten years from the time the judgment becomes final." La. Code Civ. P. art. 3501. Louisiana Civil Code article 2031 addresses

the revival of money judgments, and states that "[a] money judgment may be revived at any time before it prescribes" and that "[t]he filing of [a] motion to revive interrupts the prescriptive period applicable to the judgment." La. Code Civ. P. 2031.

Here, plaintiff represents that he is seeking the revival of two money judgments that were finalized in 1985 and 1998.[10] But plaintiff did not file his complaint until April 20, 2021, more than ten years after the alleged judgments were entered.[11] Even assuming that the prescriptive period was interrupted in 2007 when plaintiff arguably sought the revival of these judgments against Allstate, it began to run again after his complaint was dismissed on April 3, 2007. *Dodiyi J. Williamwest v. Jeffrey Napolitano, et al.*, No. 07-973 (E.D. La. Apr. 3, 2007). Accordingly, plaintiff's claim against Allstate for the revival of both a state and federal monetary judgment are prescribed.

Plaintiff's claim against Allstate is dismissed with prejudice and without leave to amend because plaintiff has already amended once, and further amendment would be futile. Additionally, plaintiff has a history of filing meritless pleadings before various sections of this Court. *See, e.g.*,

---

10   *Id.*
11   R. Doc. 1.

7

*Dodiyi J. Williamwest v. Barack Obama, et al.*, No. 14-2330 (E.D. La. Apr. 24, 2015) (noting that plaintiff's "history of frivolous litigation is quite clear from the record" and that "in every instance, this [C]ourt has had to issue orders ensuring no further frivolous filings by plaintiff even after dismissal of the case"); *Dodiyi J. Williamwest v. Jeffrey Napolitano, et al.*, No. 07-973 (E.D. La. Apr. 3, 2007); *Dodiyi J. Williamwest v. Morgan Buildings & Spas, Inc., et al.*, No. 07-977 (E.D. La. Mar. 28, 2007); *Dodiyi Williamwest v. Barry Grundmann, et al.*, No. 85-5946 (E.D. La. Feb. 18, 1985). Specifically, plaintiff has sued Allstate in at least two prior lawsuits that were filed with other sections of this Court and were dismissed as meritless. *See Dodiyi J. Williamwest v. Jeffrey Napolitano, et al.*, No. 07-973 (E.D. La. Apr. 3, 2007); *Dodiyi Williamwest v. Barry Grundmann, et al.*, No. 85-5946 (E.D. La. Feb. 18, 1985).

Additionally, in the present case, plaintiff has filed several baseless motions against Allstate. Plaintiff has moved twice for an entry of default against Allstate.[12] The Court denied as moot plaintiff's most recent motion for entry of default in light of Allstate's motion to dismiss.[13] Plaintiff has also filed a motion for a default judgment against Allstate,[14] that was denied by

---

12   R. Docs. 43 & 115.
13   R. Doc. 119.
14   R. Doc. 68.

8

the Court.[15] Plaintiff subsequently filed a motion for reconsideration of the Court's denial of his motion for a default judgment,[16] which was also denied by the Court.[17] Plaintiff has also moved for sanctions against Allstate and Marlin Gusman,[18] a defendant that has already been dismissed from this case.[19] In seeking sanctions against Allstate, plaintiff reasserts his claim that he "won the lawsuit against [Allstate.]"[20] In light of this order on Allstate's motion to dismiss, and the Court's previous order dismissing plaintiff's claims against Gusman, plaintiff's motion for sanctions is denied as meritless. And in light of the plaintiff's continued frivolous filings, the Court orders that plaintiff cease further filings against Allstate in the above-captioned case.

---

[15]    R. Doc. 80.
[16]    R. Doc. 84.
[17]    R. Doc. 87.
[18]    R. Doc. 120.
[19]    R. Doc. 81.
[20]    R. Doc. 120 at 1.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Allstate's motion to dismiss. Plaintiff's claim against Allstate is DISMISSED WITH PREJUDICE. Plaintiff's motion for sanctions is DENIED.[21]

IT IS FURTHER ORDERED that the plaintiff is prohibited from filing with this Court any further motions, pleadings, or other papers against Allstate with respect to the above-captioned case, and that the Clerk of Court for the Eastern District of Louisiana shall not accept for filing and shall return to the plaintiff any such further motions, pleadings or other papers.

New Orleans, Louisiana, this __29th__ day of June, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[21] R. Doc. 120.