UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DODIYI J. WILLIAMWEST                                  CIVIL ACTION

VERSUS                                                 NO. 21-800

SHERRY RICHARDSON, ET AL.                              SECTION "R" (5)


**ORDER AND REASONS**

Before the Court is plaintiff Dodiyi J. Williamwest's motion for reconsideration[1] of the Court's order granting the Housing Authority of New Orleans's ("HANO") motion to quash.[2] For the following reasons, the Court denies plaintiff's motion.

**I.   BACKGROUND**

On April 20, 2021, plaintiff Dodiyi J. Williamwest, proceeding *pro se*, filed a complaint listing the following causes of action:

> Conspiracy, Fraud, Dereliction of duty, Malicious prosecution, False imprisonment, loss of properties, Breach of Contract, Slander, Libel, Denial of Due Process of the Law, bodily injuries, and the denial of equal protection under the law, clouding of his title, denial of driving privileges, loss of degree.[3]

---

[1]   R. Doc. 108.
[2]   R. Doc. 107.
[3]   R. Doc. 1 ¶ 18.a.

Plaintiff broadly alleges these causes of action against 25 defendants: the City of New Orleans, Quickies Discount, Martin Wiltz, POI Sean LeBeouf, HANO, Sgt. Blanchard, Sheriff Marlin Gusman, Jacques Miller, Fredrick Lawler, Sherry Richardson, Robert Jackson, LSUNO, Stars Oil, C.T. Corp., Sarah Deland, LA Land Trust, Bobby Jindal, NOLA Green Roots, Road Home, Mitch Landrieu, Crescent & Moon, Barack Obama, Bicks & Associates, LA Department of Motor Vehicle, and Barry Grundman.[4] As it specifically relates to HANO, plaintiff alleges that HANO "harassed [and] intimidated him and demolished his 1609 Port (Annex) Quad buildings worth a million [dollars]."[5]

On October 25, 2021, the Court granted a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), filed by defendants Marlin N. Gusman, Quickies Discount's, and HANO, on the grounds that plaintiff's claims against them were prescribed.[6] Plaintiff's claims against HANO were dismissed with prejudice.[7] On February 3, 2022, the Court denied Williamwest's motion to reconsider the dismissal.[8]

---

[4]   *Id.* ¶ 1.
[5]   *Id.* ¶ 6.
[6]   R. Doc. 81.
[7]   *Id.*
[8]   R. Doc. 87.

After the Court's denial of his motion to reconsider, plaintiff moved to file a supplemental and amended complaint.[9] On March 14, 2022, the Magistrate Judge granted plaintiff leave to file the supplemental complaint.[10] HANO was later served with a summons containing a copy of the original and supplemental complaints.[11] HANO then moved to quash the summons on the grounds that HANO was previously dismissed from this case and thus plaintiff's claims against it are barred by claim preclusion.[12] The Court granted HANO's motion on the grounds of claim preclusion.[13] Plaintiff now moves for reconsideration of the Court's order granting HANO's motion to quash.[14] The Court considers the motion below.

## II.   LEGAL STANDARD

Rule 54(b) of the Federal Rules of Civil Procedure provides that an order that adjudicates fewer than all the claims among all the parties "may be revised at any time" before the entry of a final judgment. Fed. R. Civ. P. 54(b).  As Rule 54 recognizes, a district court "possesses the inherent

---

[9]   R. Doc. 88.
[10]  R. Doc. 90.
[11]  R. Doc. 92 at 1, 3.
[12]  R. Doc. 96.
[13]  R. Doc. 107.
[14]  R. Doc. 108.

3

procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco*, 659 F.2d 551, 553 (5th Cir. 1981). Under Rule 54(b), the court "is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). Although reconsideration under Rule 54(b) is within the trial court's broad discretion, reconsideration "is not provided indiscriminately whenever some party may wish it," as judges "must protect themselves and the other parties against the delays and burdens that could be imposed by yielding to simple disappointment or a deliberate desire to inflict delay and burden." *See* 18b Charles A. Wright, et al., Fed. Prac. & Proc. § 4478.1 (2d ed. 2002); *Calpetco 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993).

Reconsideration of an interlocutory order under Rule 54(b) is less stringent than reconsideration of judgments under Rule 59(e). *Austin*, 864 F.3d at 336. "Although a less exacting standard applies, courts look to similar considerations as those it considers when evaluating Rule 59(e) motions." *Edwards v. Take Fo' Records, Inc.*, No. 19-12130, 2020 WL 3832606, at *11 & n.12 (E.D. La. July 8, 2020); *see also Pierce v. Kellogg Brown & Root, Inc.*, No. 15-6585, 2017 WL 2082947, at *1 (E.D. La. May 15,

4

2017). Amending a judgment under Rule 59(e) is considered an "extraordinary remedy," and is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order]." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).

## III.  DISCUSSION

Here, plaintiff seeks reconsideration of this Court's order quashing his summons on the grounds of claim preclusion. In support of his motion for reconsideration, plaintiff asserts that an "exception [to] *res judicata*" should apply because: (1) the Court's order was "premature," and (2) plaintiff did not oppose the motion given that the Court had "asked" plaintiff "not to take action."[15] Notably, plaintiff does not object to the Court's finding that his supplemental complaint raises claims against HANO that have been fully adjudicated on the merits.

The Court finds that plaintiff's unfounded assertions about his failure to oppose HANO's motion and the premature nature of this Court's order are not sufficient reasons for reconsideration. *See Melancon*, 659 F.2d at 553 (noting the district court's inherent power to reconsider an order "for cause

---

[15]  *Id.* at 1.

seen by it to be sufficient"). Accordingly, for the reasons stated in the Court's Order granting HANO's motion to quash,[16] and for the reasons stated here, the Court denies plaintiff's motion to reconsider.

The Court additionally notes that plaintiff has a history of filing meritless pleadings before various sections of this Court. *See, e.g.*, *Dodiyi J. Williamwest v. Barack Obama, et al.*, No. 14-2330 (E.D. La. Apr. 24, 2015) (noting that plaintiff's "history of frivolous litigation is quite clear from the record" and that "in every instance, this [C]ourt has had to issue orders ensuring no further frivolous filings by plaintiff even after dismissal of the case"); *Dodiyi J. Williamwest v. Jeffrey Napolitano, et al.*, No. 07-973 (E.D. La. Apr. 3, 2007); *Dodiyi J. Williamwest v. Morgan Buildings & Spas, Inc., et al.*, No. 07-977 (E.D. La. Mar. 28, 2007); *Dodiyi Williamwest v. Barry Grundmann, et al.*, No. 85-5946 (E.D. La. Feb. 18, 1985). Specifically, plaintiff has sued HANO in at least two prior lawsuits that were dismissed. *See Dodiyi J. Williamwest v. Jeffrey Napolitano, et al.*, No. 07-973 (E.D. La. Apr. 3, 2007); *Dodiyi J. Williamwest v. Barack Obama, et al.*, No. 14-2330 (E.D. La. Apr. 24, 2015).

Additionally, in the present case, plaintiff has filed several baseless motions against HANO. Plaintiff has moved three times for an entry of

---

[16] R. Doc. 107.

default against HANO.[17] Further, after the Court granted HANO's motion to dismiss,[18] plaintiff filed a motion for reconsideration,[19] which was also denied by the Court.[20] Plaintiff subsequently served HANO with a summons that contained a copy of his original complaint and supplemental complaint, although HANO had already been dismissed from this case.[21] And plaintiff now moves for reconsideration of the Court's order granting HANO's motion to quash the summons.[22] In light of the plaintiff's continued frivolous filings, the Court orders that plaintiff cease further filings against HANO in the above-captioned case.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to reconsider.[23]

IT IS ORDERED that the plaintiff is prohibited from filing with this Court any further motions, pleadings, or other papers against HANO with respect to the above-captioned case, and that the Clerk of Court for the

---

[17] R. Docs. 10, 55 & 111.
[18] R. Doc. 81.
[19] R. Doc. 84.
[20] R. Doc. 87.
[21] R. Doc. 93.
[22] R. Doc. 108.
[23] *Id.*

Eastern District of Louisiana shall not accept for filing and shall return to the plaintiff any such further motions, pleadings, or other papers.

New Orleans, Louisiana, this __3rd__ day of August, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE