UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DODIYI J. WILLIAMWEST                                          CIVIL ACTION

VERSUS                                                                 NO. 21-800

SHERRY RICHARDSON, ET AL.                             SECTION "R" (5)


**ORDER AND REASONS**

Before the Court is defendant the University of New Orleans's motion to dismiss.[1] Plaintiff Dodiyi J. Williamwest opposes the motion.[2] Also before the Court is plaintiff's motion for entry of default against the University of New Orleans.[3] For the following reasons, the Court grants defendant's motion to dismiss, and denies plaintiff's motion for entry of default.

**I.   BACKGROUND**

On April 20, 2021, plaintiff Dodiyi J. Williamwest, proceeding *pro se*, filed a complaint listing the following causes of action:

> Conspiracy, Fraud, Dereliction of duty, Malicious prosecution, False imprisonment, loss of properties, Breach of Contract, Slander, Libel, Denial of Due Process of the Law, bodily injuries, and the denial of equal

---

[1]    R. Doc. 123.
[2]    R. Doc. 125.
[3]    R. Doc. 112.

> protection under the law, clouding of his title, denial of driving privileges, loss of degree.[4]

Plaintiff broadly alleges these causes of action against 25 defendants: the City of New Orleans, Quickies Discount, Martin Wiltz, POI Sean LeBeouf, Housing Authority of New Orleans, Sgt. Blanchard, Sheriff Marlin Gusman, Jacques Miller, Fredrick Lawler, Sherry Richardson, Robert Jackson, Louisiana State University in New Orleans, Stars Oil, C.T. Corp., Sarah Deland, LA Land Trust, Bobby Jindal, NOLA Green Roots, Road Home, Mitch Landrieu, Crescent & Moon, Barack Obama, Bicks & Associates, LA Department of Motor Vehicle, and Barry Grundman.[5] On March 14, 2022, plaintiff filed a supplemental and amending petition that added a claim for medical malpractice.[6] As it specifically relates to the University of New Orleans, plaintiff alleges that he graduated from the University, but that "Professor Graves would not give him his degrees, maliciously and in bad faith."[7] Plaintiff requests that "his degrees be delivered to him."[8]

---

[4] R. Doc. 1 ¶ 18.a.
[5] *Id.* ¶ 1.
[6] R. Doc. 91.
[7] R. Doc. 1 ¶ 8.
[8] *Id.* ¶ 19.

2

The University of New Orleans moves to dismiss plaintiff's claim against it on the grounds that it lacks the capacity to be sued, and that plaintiff's claim is prescribed.[9] Defendant additionally seeks dismissal on the grounds of insufficient service of process.[10] Plaintiff opposes the motion, asserting that service was sufficient.[11]

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d

---

9    R. Doc. 123-1 at 2-5.
10   *Id.* at 5-8.
11   R. Doc. 125 at 1.

228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.* In addition to facts alleged in the pleadings, the Court "may also consider matters of which [it] may take judicial notice." *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)).

The Court will apply a "less stringent standards" to *pro se* litigants than to parties represented by counsel. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam). This does not mean, however, that the Court "will invent, out of whole cloth, novel arguments on behalf of a *pro se* plaintiff in the absence of meaningful, albeit imperfect, briefing." *Jones v. Alfred*, 353 F. App'x 949, 951-52 (5th Cir. 2009). Accordingly, even a *pro se* complaint

4

"must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

## III. DISCUSSION

First, the University of New Orleans seeks dismissal on the grounds that it is not a juridical entity capable of being sued. Federal Rule of Civil Procedure 17(b) provides in relevant part:

> The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of the individual's domicile . . . . In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held . . . .

Fed. R. Civ. P. 17(b). Accordingly, the Court will look to Louisiana law to determine whether the University of New Orleans is an entity capable of being sued. Under Louisiana law, "an entity must qualify as a juridical person to have the capacity to be sued." *Dejoie v. Medley*, 945 So. 2d 968, 972 (La. App. 2 Cir. 2006). Article 24 of the Louisiana Civil Code defines a "juridical person" as "an entity to which the law attributes personality, such as a corporation or a partnership." La. Civ. Code art. 24. The Louisiana Supreme Court has set forth the following framework to determine whether an entity is a juridical person:

> [T]he determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional

5

> and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity. Such a determination will depend on an analysis of specifically what the entity is legally empowered to do.

*Roberts v. Sewerage & Water Bd. of New Orleans*, 634 So. 2d 341, 346-47 (La. 1994).

Under Louisiana law, the University of New Orleans is an entity under the supervision of the Board of Supervisors for the University of Louisiana System. La. Rev. Stat. § 17:3230. By statute, the University is not capable of self-administration, and the Board of Supervisors has the authority to "supervise and manage" the University. La. Rev. Stat. Ann. § 17:3218. Other sections of this Court have held that colleges and universities under the corporate authority of the Board of Supervisors are not independent entities with the capacity to be sued. *See, e.g., Okuarume v. S. Univ. of New Orleans*, No. 95-1500, 1995 WL 755589, at *3 (E.D. La. Dec. 19, 1995) ("The Board of Supervisors of Southern University, not Southern University, has the corporate authority, internal and otherwise, to supervise and manage the university system under its jurisdiction. Thus, Southern University does not have the capacity to be sued."); *Hall v. Bd. of Supervisors of Cmty. & Tech. Colls.*, No. 15-67, 2015 WL 2383744, at *4 (E.D. La. May 18, 2015) (finding

that Delgado Community College is not a juridical entity because it does "not function independently," and is merely an agency "under the management of another government entity—the Board of Supervisors of Community and Technical Colleges"). Moreover, the Board of Supervisors, not the University of New Orleans, has the authority to award plaintiff his degree. *See* La. Rev. Stat. Ann. § 17:3351 (noting that the Board of Supervisors has the power to "[a]ward certificates, confer degrees and issue diplomas certifying the same"). Because the University of New Orleans is not a juridical person under Louisiana law, Williamwest's claim against it must be dismissed.

Further, even if the University of New Orleans was a juridical entity, plaintiff's claim against it is prescribed. Where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling or the like, the Court may dismiss a claim under Rule 12(b)(6). *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). "Ordinarily, the party pleading prescription bears the burden of proving that the plaintiff's claims have prescribed." *Terrebonne Par. Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 878 (5th Cir. 2002). But, once prescription is evident from the pleadings, the burden shifts to the plaintiff to demonstrate that prescription was either suspended or interrupted. *Id.*; *see also In re Med. Rev. Panel for Claim of Moses*, 788 So. 2d 1173, 1177 (La. 2001).

7

Here, plaintiff brings a claim for "loss of degree" against defendant, alleging that he graduated from the University of New Orleans on a "1981 catalogue," and after "much litigation" it was determined in 1994-1995 that he satisfied the requirements for his degree.[12] Plaintiff's allegation must be evaluated under the general prescriptive period for contract and tort claims. Actions for damages predicated on breach of contract prescribe after ten years. *See* La. Civ. Code art. 3499; *Duer & Taylor v. Blanchard, Walker, O'Quin & Roberts*, 354 So. 2d 192, 195 (La. 1978) (stating that a breach of contract action is subject to a ten-year prescriptive period). Because plaintiff represents that he was entitled to his degree in 1981, or 1994-1995 at the latest, his claim against the University of New Orleans in his April 20, 2021 complaint is prescribed. And to the extent that plaintiff's claim sounds in tort, it would be subject to the one-year prescriptive period in Louisiana Civil Code art. 3492. Because plaintiff filed his complaint well after the running of the prescriptive period under either article 3499 or 3492, plaintiff's claim for "loss of degree" against the University of New Orleans is barred by prescription and thus dismissed. Given that defendant is not an entity capable of being sued, and even if it were, plaintiff's claim against it is

---

[12] R. Doc. 1 ¶ 8.

8

prescribed, the Court need not address the parties' arguments about the sufficiency of service.

Plaintiff's claim against the University of New Orleans is dismissed with prejudice and without leave to amend because plaintiff has already amended once, and further amendment would be futile. Additionally, plaintiff has a history of filing meritless pleadings before various sections of this Court. *See, e.g.*, *Dodiyi J. Williamwest v. Barack Obama, et al.*, No. 14-2330 (E.D. La. Apr. 24, 2015) (noting that plaintiff's "history of frivolous litigation is quite clear from the record" and that "in every instance, this [C]ourt has had to issue orders ensuring no further frivolous filings by plaintiff even after dismissal of the case"); *Dodiyi J. Williamwest v. Jeffrey Napolitano, et al.*, No. 07-973 (E.D. La. Apr. 3, 2007); *Dodiyi J. Williamwest v. Morgan Buildings & Spas, Inc., et al.*, No. 07-977 (E.D. La. Mar. 28, 2007); *Dodiyi Williamwest v. Barry Grundmann, et al.*, No. 85-5946 (E.D. La. Feb. 18, 1985). Specifically, plaintiff has sued the University of New Orleans in a previous lawsuit that this Court dismissed. *See Dodiyi J. Williamwest v. Barack Obama, et al.*, No. 14-2330 (E.D. La. Apr. 24, 2015).

Additionally, in the present case, plaintiff has filed several baseless motions for entry of default against the University of New Orleans. Plaintiff

moved twice for an entry of default against the University,[13] both of which the Court denied as moot because the summons was returned unexecuted.[14] Plaintiff now moves for a third time for an entry of default.[15] In light of this order on defendant's motion to dismiss, plaintiff's most recent motion for entry of default is denied.[16] And given plaintiff's continued frivolous filings, the Court orders that plaintiff cease further filings against the University of New Orleans in the above-captioned case.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the University of New Orleans's motion to dismiss.[17] Plaintiff's claim against the University is DISMISSED WITH PREJUDICE. Plaintiff's motion for entry of default is DENIED.[18]

IT IS FURTHER ORDERED that the plaintiff is prohibited from filing with this Court any further motions, pleadings, or other papers against the University of New Orleans with respect to the above-captioned case, and that

---

[13] R. Docs. 13 & 47.
[14] R. Doc. 60.
[15] R. Doc. 112.
[16] *Id.*
[17] R. Doc. 123.
[18] R. Doc. 112.

the Clerk of Court for the Eastern District of Louisiana shall not accept for filing and shall return to the plaintiff any such further motions, pleadings, or other papers.

New Orleans, Louisiana, this __4th__ day of August, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE