UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DODIYI WILLIAMWEST                                        CIVIL ACTION

VERSUS                                                          NO. 21-800

SHERRY RICHARDSON, ET AL.                         SECTION "R" (5)

## ORDER AND REASONS

On April 5, 2023, the Court issued judgment against *pro se* plaintiff Dodiyi Williamwest.[1] Williamwest then filed a notice of appeal and a motion to proceed *in forma pauperis* on appeal with the Fifth Circuit.[2] Because an appellant must first move the district court for permission to proceed *in forma pauperis* on appeal, the Fifth Circuit held the appeal in abeyance and remanded the matter to this Court for the limited purpose of ruling on the motion.[3] Because the Court finds that Williamwest's appeal is not taken in good faith, the Court denies the motion.

A claimant may proceed with an appeal *in forma pauperis* if he meets three requirements. First, the claimant must submit "an affidavit that includes a statement . . . that [he] is unable to pay such fees or give security

---

[1]   R. Doc. 135.
[2]   R. Doc. 144; *Williamwest v. Richardson*, 5th Cir. No. 23-30264, R. Doc. 77-2.
[3]   R. Doc. 149.

therefor." 28 U.S.C. § 1915(a)(1). Based on this information, the district court must determine whether the costs of appeal would cause an undue financial hardship. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1998). Second, the claimant's affidavit must "state[] the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(C); *accord* 28 U.S.C. § 1915(a)(1) ("Such affidavit shall state the nature of the . . . appeal and affiant's belief that the person is entitled to redress."). Third, the claimant's appeal must be "taken in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B). "Good faith is demonstrated when a party seeks appellate review of any issue 'not frivolous.'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). Good faith "does not require that probable success be shown," but rather "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *United States v. Arroyo-Jurado*, 477 F. App'x 150, 151 (5th Cir. 2012). "A complaint is frivolous if it lacks an arguable basis either in law or in fact." *Kingery v. Hale*, 73 F. App'x 755, 755 (5th Cir. 2003).

While Williamwest's affidavit[4] suggests that the costs of appeal would cause him financial hardship, his motion must nonetheless be denied because the arguments that he intends to raise on appeal do not have an

---

4   *Williamwest v. Richardson*, 5th Cir. No. 23-30264, R. Doc. 77-2.

arguable basis either in law or in fact, and are therefore frivolous. Plaintiff states that his issues on appeal are as follows:

> (1) the judgment is contrary to the law and evidence;
> (2) the judgment is premature[;]
> (3) [the] judgment is speculative (no signatures)[;]
> (4) the judgment ignored evidence adduced from trials and used false evidence made up by the court leading to [a] miscarriage of justice[; and]
> (5) the judgment is illegal: made against one it is prohibited.[5]

Issues two, three, four, and five are frivolous on their face. The Court dismissed all of plaintiff's claims before issuing its judgment.[6] Thus, judgment was not premature. *See* Fed. R. Civ. P. 58(b)(1)(C). To the extent that Williamwest intends to argue that the judgment is speculative because it is not signed, this argument fails because the judgment is signed.[7] There was no trial in this case, and all of plaintiff's claims were dismissed on the pleadings, without any evidentiary hearings or summary judgment evidence.[8] Thus, the Court could not have ignored trial evidence or used false evidence.

---

[5] *Id.*
[6] R. Doc. 135 ("[P]laintiff's remaining claims are DISMISSED WITHOUT PREJUDICE.").
[7] *Id.*
[8] *See* R. Docs. 81, 82, 121, 122, 129, & 134.

Issue one is conclusory, and fails to identify any particular defect rendering the judgment contrary to the law and evidence. *See Chalmers v. Ridge*, 100 F. App'x 961, 963 (5th Cir. 2004) (affirming district court's finding that appeal was not taken in good faith and noting "[a]lthough we apply less stringent standards to parties proceeding *pro se*[,] . . . *pro se* parties must still brief the issues and reasonably comply with the requirements of Fed. R. [App.] P. 28"); *Spearman v. Collins*, 500 F. App'x 742, 744 (10th Cir. 2012) (finding appeal was not taken in good faith when the appellant "ma[de] only conclusory, vague and unsubstantiated" assignments of error); *In re Adams*, No. 19-24, 2019 WL 6257792, at *2 (W.D. Ark. Oct. 8, 2019), R&R adopted, 2019 WL 6255068 (W.D. Ark. Nov. 22, 2019) ("Vague and conclusory allegations are frivolous on their face and leave to proceed in forma pauperis has been properly denied in such circumstances."); *United States v. Addison*, No. 8-204, 2013 WL 12366016, at *2 (S.D. Al. Oct. 30, 2013) (denying leave to proceed *in forma pauperis* on appeal when defendant's affidavit did "not provide any allegations of fact or legal argument as to how the Court acted arbitrarily or [erroneously]"); *Dean v. Powlle*, No. 22-3029, 2023 WL 2868052, at *2 (D. Neb. Apr. 10, 2023) (denying leave to appeal in forma pauperis when "factual allegations in [plaintiff's] statement of issues for appeal are still wholly conclusory and do

4

nothing to suggest that the Court's ruling[s were] legally erroneous"). The Court finds that Williamwest has failed to identify a nonfrivolous issue for appeal, and that his appeal is not in good faith.

Accordingly, Williamwest's motion for leave to appeal *in forma pauperis* is DENIED.

New Orleans, Louisiana, this \_\_29th\_\_ day of February, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE