UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DODIYI WILLIAMWEST                      CIVIL ACTION

VERSUS                                   NO. 21-800

SHERRY RICHARDSON, ET AL.                SECTION "R" (3)

**ORDER AND REASONS**

On April 5, 2023, the Court issued judgment against *pro se* plaintiff Dodiyi Williamwest.[1] Williamwest then filed a notice of appeal and a motion to proceed *in forma pauperis* on appeal with the Fifth Circuit.[2] This Court found that Williamwest's appeal was not taken in good faith and denied the motion. Williamwest appealed the *in forma pauperis* decision and the judgment to the Fifth Circuit, and the Fifth Circuit affirmed this Court except as to the dismissal of two defendants because the Court did not explicitly set aside the Clerk's entry of default.[3] This Court then vacated the entry of default against the two remaining defendants and dismissed the claims against them without prejudice for improper service.[4]

---

[1]  R. Doc. 135.
[2]  R. Doc. 144; *Williamwest v. Richardson*, 5th Cir. No. 23-30264, R. Doc. 77-2.
[3]  R. Doc. 113-2, at 3.
[4]  R. Doc. 160.

Subsequently, Williamwest moved to consolidate various unrelated federal and state criminal and civil cases, and to annul the orders entered by this Court and the Fifth Circuit.[5]  This Court denied that motion.[6] Williamwest then filed a notice of appeal as to that order.[7]

Williamwest now seeks leave to appeal *in forma pauperis*. A claimant may proceed with an appeal *in forma pauperis* if he meets three requirements. First, the claimant must submit "an affidavit that includes a statement . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Based on this information, the district court must determine whether the costs of appeal would cause an undue financial hardship. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1998). Second, the claimant's affidavit must "state[] the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(C); *accord* 28 U.S.C. § 1915(a)(1) ("Such affidavit shall state the nature of the . . . appeal and affiant's belief that the person is entitled to redress."). Third, the claimant's appeal must be "taken in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B). "Good faith is demonstrated when a party seeks appellate

---

[5]   R. Doc. 157.
[6]   R. Doc. 160. Williamwest then moved for a "full and complete written opinion," R. Doc. 169, which this Court denied. R. Doc. 170.
[7]   R. Doc. 168.

2

review of any issue 'not frivolous.'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). Good faith "does not require that probable success be shown," but rather "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *United States v. Arroyo-Jurado*, 477 F. App'x 150, 151 (5th Cir. 2012). "A complaint is frivolous if it lacks an arguable basis either in law or in fact." *Kingery v. Hale*, 73 F. App'x 755, 755 (5th Cir. 2003).

While Williamwest's motion[8] suggests that the costs of appeal would cause him financial hardship, his motion must nonetheless be denied because the argument that he intends to raise on appeal does not have an arguable basis either in law or in fact and is therefore frivolous. Plaintiff states that his issue on appeal is that "the orders and judgments are contrary to the law and evidence, with a big question as to jurisdiction."[9]

Williamwest's claim is conclusory and fails to identify any defect rendering the judgment contrary to the law and evidence. *See Chalmers v. Ridge*, 100 F. App'x 961, 963 (5th Cir. 2004) (affirming district court's finding that appeal was not taken in good faith and noting "[a]lthough we apply less stringent standards to parties proceeding *pro se*[,] . . . *pro se*

---

8     R. Doc. 174.
9     R. Doc. 168.

3

parties must still brief the issues and reasonably comply with the requirements of Fed. R. [App.] P. 28"); *see also Spearman v. Collins*, 500 F. App'x 742, 744 (10th Cir. 2012) (finding appeal was not taken in good faith when the appellant "ma[de] only conclusory, vague and unsubstantiated" assignments of error). The Court finds that Williamwest has failed to identify a nonfrivolous issue for appeal, and that his appeal is not in good faith.

Accordingly, Williamwest's motion for leave to appeal *in forma pauperis* is DENIED.

New Orleans, Louisiana, this __10th__ day of December, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE